But
the Court
overruled that objection also, and suffered the said deposition to be read in evidence, because it was plainly to be understood that the deponent was by Mm (the judge) examined and cautioned, &c.
Mr. Lear then prayed the Court to instruct the jury, that if they should be satisfied by the evidence, that the goods of the plaintiff, for the value of which this suit is brought, caijae to the hands of the said Kirkpatrick and Grivegneé, and were sold by them before the admission of the defendant into the partnership, then the contract was made with the plaintiff by Kirkpatrick and Grivegneé only, and the defendant is not chargeable in this action; and that if the defendant was not a partner of the firm at the time of. the contract, no subsequent assumpsit by him, in the name of the firm can charge him, in this action, unless an agreement be proved that he should be chargeable with the debts or contracts of the old firm;
Which instruction the Court refused to give, as prayed, but instructed the jury, that if they believe from the evidence that the goods of the plaintiff in the declaration mentioned, came to the hands of Kirkpatrick and Grivegneé, and were sold by them before the defendant, Barrell, was admitted into the partnership, then the contract was made by the plaintiff with Kirkpatrick and Gri-vegneé only, and the defendant is not chargeable in this action, unless the jury should be satisfied by the evidence that the stock of the old firm was carried into the new, and that it was agreed by the new firm with the plaintiff to pay the said debt to him; or that the money for which the said goods were sold, came to the hands of the new firm of Kirkpatrick, Grivegneé & Co., and that in consideration thereof, they promised to pay the amount thereof to the plaintiff'.
Verdict for the plaintiff, $2,556.55, with interest from the 16th of June, 1816.
The defendant took a bill of exceptions, but did not prosecute a writ of error.